IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE SAVINGS BANK MUTUAL LIFE INSURANCE COMPANY OF MASSACHUSETTS, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. 4:23-cv-01025 |
| EDGAR LEAVELL, | § § § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff The Savings Bank Mutual Life Insurance Company of Massachusetts ("SBLI") complains of Defendant Edgar Leavell ("Leavell") and states:

## PARTIES

**1.     SBLI.**  SBLI is a mutual insurance corporation organized under the laws of the Commonwealth of Massachusetts with its principal office and place of business in Woburn, Massachusetts.  SBLI is thus a citizen of Massachusetts for purposes of diversity jurisdiction.[1]

**2.     Leavell.**  Leavell is a Texas citizen who may be served at his residence address, 2605 Thunderbird Drive, Denton, Texas 76207, or wherever he may be found.

## JURISDICTION AND VENUE

**3.     Jurisdiction.**  The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).  SBLI is

---

[1] *See Pastor v. State Farm Mutual Auto. Ins. Co.*, 487 F.3d 1042, 1048 (7th Cir. 2007) (observing that mutual insurance companies and corporations "are treated the same for purposes of determining whether the requirements of diversity jurisdiction are satisfied"); *Lowe v. State Farm Mutual Auto. Ins. Co.*, No. 4:16cv135-RH/CAS, 2016 WL 9223865, at *1 (N.D. Fla. Apr. 8, 2016) (noting that courts "have consistently treated mutual insurance companies as corporations" for purposes of diversity jurisdiction); *see also Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, Ltd. Liability Corp.*, 757 F.3d 481, 483-84 (5th Cir. 2014) (citing *Pastor* with approval).

and has at all relevant times been a citizen of Massachusetts and Leavell is and, upon information and belief, has at all relevant times been citizen of Texas.  Complete diversity of citizenship thus exists between the parties.  The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. **Venue.**  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), as Leavell resides here.

## OPERATIVE FACTS

5. **The Application.**  In November 2021, Leavell applied to SBLI for a 30-year level term life insurance policy with a $100,000.00 face amount.  In the Individual Term Life Insurance Application (the "Application"), Leavell designated Shannon Wilkerson, who was his spouse, as the beneficiary and answered various questions regarding his insurability.  According to page 4 of the Application, Leavell represented that his answers were "true, complete, and correct to the best of [his] knowledge and belief" and that "SBLI, believing the statements and answers to be true, complete, and correct," would be relying and acting on them.

6. **The issuance of the Policy.**  In reliance on the accuracy of the information it received from Leavell, effective November 24, 2021, SBLI issued its Convertible Term Life Insurance Policy No. 608220502 (the "Policy"), which was on Leavell's life and had a Face Amount of $100,000.00.  The first page of the Policy stated that SBLI had issued the Policy "in consideration of the Application" and instructed Leavell to "**READ YOUR POLICY CAREFULLY.**"[2]  The Statements section of the Policy provided: "We rely on all statements made by or for the Insured in the written Application."  In turn, the Incontestability section of the Policy provided in pertinent part:

---

[2] Bold and all caps in original.

> In the absence of fraud when permitted by applicable law in the state where this Policy is delivered or issued for delivery, this Policy shall be incontestable after it has been In Force during the lifetime of the Insured for two years from the Issue Date, except for nonpayment of premium.

***

> While insurance is contestable, we may either rescind the insurance or deny a claim or adjust the Death Benefit on the basis of:
>
> 1. A material misstatement in the Application or supplemental Application for this Policy;
> 2. A material misstatement in the reinstatement Application if there has been a reinstatement of this Policy;
> 3. A material misstatement in the Application for a request for a Policy change requiring Evidence of Insurability.

***

> If we contest the validity of all or a portion of the Death Benefit provided under this Policy, the amount we pay with respect to the contested amount will be limited to the return of any paid premium required by us for the contested amount.

7. **The delivery of the Policy.** Leavell accepted delivery of the original of the Policy, with a copy of (among other documents) the Application attached. Leavell never contacted SBLI to advise of any errors, misrepresentations, or omissions in the Application, and he did not exercise his right, which was detailed on the first page of the Policy, to return the Policy within 20 days of his receipt of it for a full premium refund.

8. **SBLI learns of Leavell's misrepresentations.** Following the issuance and delivery of the Policy, SBLI received a report from Milliman Intelliscript indicating that Leavell had not truthfully answered all of the questions in the Application regarding his medical condition.[3]

---

[3] Pursuant to federal privacy laws and the Federal Rules of Civil Procedure, SBLI will provide the exact nature of the misrepresented health conditions upon Leavell's consent or by Court order. Prior to the filing of this action, SBLI sent Leavell a letter detailing these misrepresentations and gave him the opportunity to submit additional information if he disputed SBLI's determination.

**COMPLAINT** – Page 3

9. **SBLI rescinds the Policy.** SBLI determined that Leavell had, in failing to truthfully answer SBLI's questions in the Application, made misrepresentations that were material to the underwriting risk and were relied upon by SBLI in issuing the Policy. Had SBLI known the true facts, it would not have approved the Application or issued the Policy to Leavell. By letter dated November 8, 2023, SBLI gave notice to Leavell that it would not be bound by the Policy and tendered to him a check for the premiums (with interest) that were paid over time, which are again judicially tendered in this action.

## CAUSES OF ACTION

10. **Rescission.** For the reasons set forth above, SBLI requests the Court to rescind and cancel the Policy and find that it was null and void as of the date of its issuance.

11. **Declaratory judgment.** Alternatively, if it is judicially determined the Policy is not rescinded, then SBLI states that there is an actual justiciable controversy between the parties and requests the Court to adjudicate, pursuant to 28 U.S.C. § 2201, that:

   **(a)** **Rescission.** Leavell made material misrepresentations in the Application for the Policy, which is rescinded as of its effective date; and

   **(b)** **Good health.** The Policy never became effective because, at the time the Policy was delivered and the first premium was paid, Leavell's health was not the same as given in the Application.

12. **Attorney's fees.** SBLI seeks to recover, pursuant to 28 U.S.C. § 2201 and/or any other applicable statute or theory, the attorney's fees it has incurred and will in the future incur with respect to this matter.

## CONTINUING INVESTIGATION

13. SBLI reserves the right to supplement its position in this action with the additional information it learns through its ongoing investigation and discovery in this action.

## **PRAYER**

14. **Relief requested.** SBLI respectfully requests the following relief:

   **(a)** That Leavell be served with the Summons and this Complaint and be required to answer in the time and manner prescribed by law;

   **(b)** That the Court adjudicate that the Policy is cancelled and rescinded and is of no force or effect or, in the alternative, award SBLI the declaratory relief requested above;

   **(c)** That SBLI have and recover its attorney's fees and court costs; and

   **(d)** That SBLI have all such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

By:   /s/ Andrew C. Whitaker
      Andrew C. Whitaker
      State Bar No. 21273600
      andrew.whitaker@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEY FOR PLAINTIFF
THE SAVINGS BANK MUTUAL
LIFE INSURANCE COMPANY OF
MASSACHUSETTS